BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09·15·08
```

Crotty, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEATREK TRANS PTE LTD,<br><br>    Plaintiff,<br><br>-against-<br><br>MEGHNA CEMENT MILLS LTD.,<br><br>    Defendant. | 07 Civ. 5543(PAC)<br><br>AMENDED<br>ORDER (ii) DIRECTING CLERK<br>TO ISSUE PROCESS OF<br>MARITIME ATTACHMENT<br>AND GARNISHMENT; (ii) APPOINTING<br>PERSON(S) TO SERVE PROCESS<br>PURSUANT TO RULE 4(c); and (iii)<br>CONFIRMING SCOPE OF SERVICE |

Upon reading and filing the Verified Complaint of Plaintiff, SEATREK TRANS PTE LTD ("Plaintiff"), verified on the 11th day of June, 2008 by Pamela L. Schulz, that to the best of her information and belief, the Defendant MEGHNA CEMENT MILLS LTD., cannot be found within this district, and the Court having found that the conditions required by Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist,

NOW, upon motion of Blank Rome LLP, attorneys for Plaintiff, it is hereby,

ORDERED, that the Clerk of this Court is authorized to issue the Process of Maritime Attachment and Garnishment against all assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights,

charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant, including, but not limited to any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, assets held by or at:

1. ABN Amro;
2. American Express Bank;
3. Atlantic Bank;
4. Bank of America,
5. BNP Paribas;
6. Citibank NA;
7. Deutsche Bank Trust Co.;
8. HSBC & HSBC USA Bank NA;
9. JPMorgan Chase Bank;
10. Standard Chartered Bank;
11. The Bank of New York;
12. Wachovia Bank;
13. The Bank of Tokyo-Mitsubishi;
14. MashreqBank Siam Commercial Bank;
15. National Bank of Kuwait;
16. UBS AG;
17. Bangkok Bank PLC;
18. Barclays Bank PLC;
19. Cathay Bank;
20. Doha Bank;
21. Gulf International Bank B.S.C.;
22. Industrial Bank of Korea;
23. Malaysian Banking Berhal;
24. Shin Han Bank;
25. Sumitomo Mutsui Banking Corp.

and said Order being equally applicable with respect to the issuance and service of additional Writs of Maritime Attachment and Garnishment upon any garnishees in this district not named herein, in an amount up to and including $1,035,759.84 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

346661 1
129054.00603/6667774v.1

2

**ORDERED**, that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED**, that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED**, that Karl Reda, Michael Watson, or any other partner, associate, paralegal or other agent of Blank Rome LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the verified Complaint, together with a copy of this Order and any Interrogatories, upon any garnishee named in the Process, together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for, or on behalf of the Defendant and it is further

**ORDERED**, that following initial service by the United States Marshal or other designated process server upon each garnishee, supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or email to each garnishee and, it is further,

**ORDERED**, that service on any garnishee as described above is deemed continuous throughout the day from the time of such service through the opening of the garnishee's business the next business day; and, it is further,

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), each garnishee may consent, in writing, to accept service by any other means; and, it is further,

*[Handwritten insertion: Ordered that this Order shall expire on November 14, 2008 and if no attachment has been perfected the case will be dismissed]*

**ORDERED,** that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment.

Dated: _September 12_, 2008

SO ORDERED:

_____
U.S.D.J.

## SCHEDULE A

1. ABN Amro;
2. American Express Bank;
3. Atlantic Bank;
4. Bank of America,
5. BNP Paribas;
6. Citibank NA;
7. Deutsche Bank Trust Co.;
8. HSBC & HSBC USA Bank NA;
9. JPMorgan Chase Bank;
10. Standard Chartered Bank;
11. The Bank of New York;
12. Wachovia Bank;
13. The Bank of Tokyo-Mitsubishi;
14. MashreqBank Siam Commercial Bank;
15. National Bank of Kuwait;
16. UBS AG;
17. Bangkok Bank PLC;
18. Barclays Bank PLC;
19. Cathay Bank;
20. Doha Bank;
21. Gulf International Bank B.S.C.;
22. Industrial Bank of Korea;
23. Malaysian Banking Berhal;
24. Shin Han Bank;
25. Sumitomo Mutsui Banking Corp.